# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

JOE T. BELL,                                )
                                            )
            Plaintiff,                      )
                                            )
vs.                                         )        Case No. CIV-16-706-R
                                            )
SEAN PATRICK MORGAN,                        )
Assistant District Attorney,                )
Oklahoma County; JANET COX,                 )
Public Defender, Oklahoma County;           )
NATHAN LEWIS DILLS, Assistant               )
Attorney General, State of Oklahoma;        )
LORI SMITH CARTER, Assistant                )
Attorney General, State of Oklahoma;        )
ALISON McNEELY BUXTON,                      )
Assistant District Attorney,                )
Oklahoma County; AARON C.                   )
ETHERINTON, Assistant District              )
Attorney, Oklahoma County;                  )
CAROLYN L. MERRITT, Public                  )
Defender, Oklahoma County;                  )
ARRON BALCH, Assistant District             )
Attorney, Oklahoma County; and              )
SUZANNE JEAN LISTER, Assistant              )
District Attorney, Oklahoma County,         )
                                            )
            Defendants.                      )

## REPORT AND RECOMMENDATION

## I.    Plaintiff's claims.

In 1997, the State of Oklahoma tried and convicted (Plaintiff) Joe T.

Bell in the District Court of Oklahoma County, Case No. CF-1996-5229, on a

charge of assault and battery with a dangerous weapon.  Doc. 1, at 1-3.[1]
Appearing pro se, Plaintiff now seeks monetary damages under 42 U.S.C. §
1983 for the named Defendants' alleged constitutional violations at trial and
in his subsequent challenges to his conviction and sentence.[2]  United States
District Judge David L. Russell has referred the matter to the undersigned
Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B),
(C).  Doc. 6.

Plaintiff alleges that when a police detective questioned him following
his arrest on a charge of striking the "allege victim with a glass object," he
told the detective he had been intoxicated and did not "remember what the
object was, an the detective told him about a broken drinking glass, an he
said he remember the glass on the coffee table an that he may hit her with
that . . . ."  Doc. 1, at 2.  At trial, the prosecution introduced a "large green
drinking glass"[3] as evidence.  *Id.*  Plaintiff contends that through discovery in

---

[1]    This report cites court documents by their electronic case filing
designation and pagination; apart from alterations to Plaintiff's uppercase
lettering and unless otherwise indicated, quotations are verbatim.

[2]    Plaintiff is currently serving the fifty-year sentence.  *See*
http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&
_schema=PORTAL30&doc_num=122224&offender_book_id=26456.

[3]    Plaintiff also refers to this object as a "tiara glass."  Doc. 1, at 2, Att. 4.

2014, he received "depositions"[4] from the victim and an eyewitness stating that he had hit the victim with "an <u>ashtray</u>, an not the <u>tiara glass</u>" the prosecution introduced at trial. *Id.* He maintains that "had the depositions been disclosed to the jury or Okla. Court of Appeals, or U.S. District Courts, the conviction would have been reversed because the jury would have known . . . the allege weapon was an <u>ashtray</u>, an no <u>ashtray</u> was ever introduced into evidence . . . ." *Id.*

Plaintiff names his public defenders and various attorneys for the State of Oklahoma[5] as Defendants and claims they

---

[4]    Plaintiff appends the two statements to his complaint. *See* Doc. 1, at Atts. 6, 7.

[5]    Plaintiff names both assistant attorneys general and assistant district attorneys for the State of Oklahoma. Doc. 1. He does not state whether he is suing the State of Oklahoma's attorneys in their official capacities, their individual capacities, or in both capacities. *Id.* To the extent he is asserting claims against these Defendants in their official capacities, claims for damages against a state official in his official capacity are construed as claims against the State and are thus barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985) (a suit against an individual acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (Eleventh Amendment sovereign immunity barred §1983 claims against prison officials in their official capacities). While a State may waive the defense of sovereign immunity, the State of Oklahoma has not waived its sovereign immunity defense against § 1983 claims brought in federal district court cases. *See Ramirez v. Okla. Dep't of Mental Health,* 41 F.3d 584, 589 (10th Cir. 1994), *overruled on other grounds by Ellis v. Univ. Kan. Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The Eleventh Amendment forecloses any claims for monetary damages against

> concealed favorable impeachment evidence from [him], his jury in trial on September 23rd thru 25th 1997, an concealed this same evidence from the Okla. Court of Appeals during direct appeal, Case No. F-97-1659. An the State concealed this same evidence in writ of habeas corpus, Case No. 99-1146-R, The State of Oklahoma concealed the same evidence in (5) post-convictions Case No. CF-96-5229. OK. County . . . .

*Id.* at 3. Plaintiff further claims "[t]he State of Oklahoma introduced false evidence to the jury . . . ." *Id.*

## II. Screening.

Federal law mandates the screening of complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). On review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

## III. Analysis.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a plaintiff may not recover damages under § 1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,"

---

the State of Oklahoma's attorneys in their official capacities, and the court lacks subject matter jurisdiction over any such claims.

unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." *See also Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.").

"[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487. Here, a favorable judgment on Plaintiff's claims that Defendants violated his constitutional rights both by concealing evidence and by introducing false evidence at trial would imply the invalidity of his state court criminal conviction. And, Plaintiff does not contend his conviction or sentence has been reversed or invalidated as provided by *Heck.*

## IV.  Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends the dismissal without prejudice of Plaintiff's complaint on screening under 28 U.S.C. § 1915A(b).  *See Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 560 n.5 (10th Cir. 1999) (dismissals under *Heck* are without prejudice); *see Smith v. Veterans Admin.,* 636 F.3d 1306, 1312 (10th Cir. 2011) ("[T]he dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim.").

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before August 31, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 11th day of August, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE